UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN LEONARD CALVERT,

Petitioner,

v.

CHARLIE DANIELS and ROB
MCKENNA,

Respondents.

NO.  CV-05-077-RHW

**ORDER DENYING
PETITIONER'S MOTION FOR
RECONSIDERATION,
GRANTING EXTENSION**

Before the Court are Mr. Calvert's Motion for Reconsideration of Stay and Abeyance (Ct. Rec. 37) and his Motion for Extension of Time (Ct. Rec. 40). Petitioner proceeds *pro se* with this petition.  In an order issued May 5, 2006, the Court found Mr. Calvert's petition was mixed in that it contained one exhausted and eighteen unexhausted claims.  The Court granted him leave to amend or, in the alternative, to move for a stay and abeyance that would permit him an opportunity to exhaust his unexhausted claims (Ct. Rec. 30).  Mr. Calvert then timely filed a document construed as a Motion for Stay and Abeyance and/or an Amended Petition (Ct. Rec. 31).  The Court denied that motion, granting Petitioner another opportunity to amend his petition or show cause for a stay and abeyance within thirty days (Ct. Rec. 36).  The most recent filings are in response to this last Order. Petitioner asks for reconsideration of the denial of his motion for a stay and abeyance or, in the alternative, for an extension of time to amend his petition.

However, before this Court considers Petitioner's arguments for a stay and abeyance, the Court must first determine whether a mandatory rule of state law

ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION, GRANTING EXTENSION* 1

precludes Mr. Calvert from raising his claims to the Washington Supreme Court. *Moreno v. Gonzalez*, 116 F.3d 409, 411 (9th Cir. 1997). If Mr. Calvert may raise his claims in state court, they are not barred from federal review, but they must first be exhausted in state court. *Id.* Likewise, if he cannot raise his claims in state court, issuing a stay and abeyance would be futile because exhaustion is precluded. *See id.*; *Shumway v. Payne*, 136 Wash. 2d 383, 390 (1998) ("If petitioner no longer has the right to seek review in state court, then federal review of the unexhausted claims is barred.").

In *Shumway v. Payne*, the Washington Supreme Court considered two questions certified to it by the United States District Court for the Western District of Washington:

> 1. May petitioner obtain discretionary review of her [two unexhausted] claims now, upon a proper showing from counsel regarding her failure to seek such review earlier?
> 2. Does any mandatory rule of state law bar petitioner from raising these two claims at this time?

136 Wash. 2d at 387. These are the same two questions this Court must consider before going forward with Mr. Calvert's petition. The Washington Supreme Court answered those questions in the context of that petitioner's case and, in doing so, listed several exceptions that could apply to the rules of state law that act as procedural bars to post-conviction remedies. *Id.* at 392-400. Because this Court cannot assume Mr. Calvert would not be able to satisfy the exceptions listed in *Shumway*, the Court must conclude Mr. Calvert still has the ability to raise his claims in state court.

The background facts of Mr. Calvert's original state court conviction and his procedural history are sufficiently outlined in this Court's prior orders. However, Mr. Calvert filed supplemental documents with the pending motion to support his assertion that he could not have exhausted several claims in his second Personal Restraint Petition (PRP). Mr. Calvert filed a second PRP with Division III of the Washington Court of Appeals in 2001. Mr. Calvert submits a letter from his court-

ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION, GRANTING EXTENSION* 2

appointed attorney dated October 19, 2004.  The letter explains that Petitioner's second PRP was dismissed on October 13, 2004, and that his attorney did not intend to file a motion for discretionary review with the Washington Supreme Court.  (Ct. Rec. 41, at 3).  The letter outlines the proper procedure required to file for discretionary review, states the date by which Mr. Calvert was required to file for discretionary review, and encourages Mr. Calvert to pursue the matter further to exhaust his state remedies.  (Id.).  Mr. Calvert maintains he was in transit between prisons at the time the letter was sent, and he did not receive this letter until December 2004, after the deadline stated in the letter to file for discretionary review.  Thus, he asserts, there was "no way" he could have complied with the time restraints for discretionary review.

As the Court explained in its Order Denying Petitioner's Motion for Stay and Abeyance (Ct. Rec. 36), a district court may issue a stay and abeyance for a mixed petition under very limited circumstances.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  If a petitioner can show (1) good cause for failure to exhaust; (2) his claims are potentially meritorious; and (3) he has not engaged in intentionally dilatory litigation tactics, the district court should exercise its discretion to stay his petition to permit exhaustion.  *Id.*; *see also Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005).

**A.    Good Cause**

Petitioner asserts there was good cause for his failure to exhaust.  He states he mistakenly thought exhaustion would be futile because he completed his state prison term and is currently in federal custody, and because the State Court of Appeals took three and one half years to issue an opinion regarding his second PRP.  He also says Division III of the Washington Court of Appeals would not permit him to pursue his PRP *pro se*, and his appointed attorney would not argue the issues he requested her to argue.  Lastly, he submits the letter described above as evidence that he was unable to file for discretionary review of his second PRP in

ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION, GRANTING EXTENSION* 3

a timely manner due to circumstances beyond his control.

The Supreme Court did not outline the parameters of "good cause" for failure to exhaust in *Rhines*. The Ninth Circuit has not yet provided a comprehensive definition either, but the Court finds Judge Reed's analysis in *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006), to be persuasive. After examining various authority, Judge Reed concluded that

> the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Id.* at 1211. One area in which this Court diverges from Judge Reed's well-reasoned analysis, however, is his inclusion of ignorance or confusion about the law in his definition of "good cause." The Court finds that the mere fact that a petitioner is acting *pro se* or lacks knowledge of the law does not establish "good cause" under *Rhines*. *Accord Riseley v. Warden, Pleasant Valley State Prison*, 2006 WL 1652657, at *2 n.3 (E.D. Cal. June 14, 2006) (citing *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)).

The Court first notes Petitioner received the letter from his appointed attorney in December 2004, only one month past the deadline to file for discretionary review. He states his delayed reception of the letter outlining the procedure for discretionary review was due to circumstances beyond his control, but he does not supply any excuses for why he did not file for discretionary review at the time he received it. He certainly could have asked for an exception to the Washington Supreme Court's thirty-day filing deadline for discretionary review due to circumstances beyond his control. Mr. Calvert has no reasonable explanation for being confused about the exhaustion status of his case considering his attorney's admonition in her letter cautioning him to pursue discretionary

review of his second PRP to exhaust his claims before challenging his conviction in the federal system.

However, Mr. Calvert does insist that his court-appointed attorney refused to raise the additional issues in his second PRP after he clearly requested she do so. He also submits a letter from Division III dated June 17, 2004, returning his own filings to him because he was represented by counsel, as evidence that he was not permitted to introduce arguments he believed had merit *pro se*.

**B.    Merits of Claims and Diligent Pursuit of Remedies**

Although the Court is not now deciding whether Mr. Calvert has demonstrated good cause, to justify a stay and abeyance he must also meet the second and third requirements imposed by the *Rhines* decision: He must show his claims are not clearly meritless and that he has not been intentionally dilatory in pursuing his post-conviction remedies. *Rhines*, 544 U.S. at 278.

As to the merits of Mr. Calvert's claims, he simply asserts they are meritorious and relies on the documentation and argument submitted with his original petition. The Court notes that Mr. Calvert says he asked his attorney to argue his claims in his second personal restraint petition and she refused. His attorney also states in her letter to him that, in her opinion, there was "no basis" to successfully challenge the Court of Appeals' decision denying his second personal restraint petition. Additionally, "at least two courts have determined that a claim that may be procedurally defaulted in state court should be considered meritless in a *Rhines* analysis." *Riner*, 415 F. Supp. 2d at 1211 (citing *Carter v. Friel*, 415 F. Supp. 2d 1314, 1321-22 (D. Utah 2006); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005)). Mr. Calvert should address these concerns and support his assertions of merit with more than conclusory statements to warrant a stay and abeyance in this matter.

His attorney's letter also gave Mr. Calvert notice that he "may want to pursue the motion [for discretionary review] yourself in order to exhaust your state

ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION, GRANTING EXTENSION* 5

1   remedies." (Ct. Rec. 41, at 3). Thus, Mr. Calvert had notice as early as December

2   2004 that several of his claims had not been exhausted. This Court alerted Mr.

3   Calvert to this problem again in its order in May 2006. Mr. Calvert has still not

4   begun the exhaustion process. Nevertheless, he contends that he has been

5   diligently "fighting" the state charges since his conviction and that he has complied

6   with all court rules and deadlines.

7   **C.    Request for an Extension of Time**

8         Lastly, Mr. Calvert asks the Court for an extension of time to amend his

9   petition or file another motion for stay and abeyance. He states he is currently

10  being held at the Spokane County Jail and that he is under lock down 22 hours per

11  day, with only two hours per week of access to the law library. His legal materials

12  remain, for the most part, at the Federal Corrections Institute in Sheridan, Oregon.

13  Petitioner states he is being re-sentenced in Spokane on August 24, 2006. The

14  Court assumes he will be transferred back to FCI Sheridan in a timely manner after

15  his re-sentencing.

16  **D.    Conclusion**

17        Because of the circumstances under which Petitioner is currently being held

18  and Petitioner's partial showing in his request for a stay and abeyance, the Court

19  will grant him an extension of time. Petitioner will be given an opportunity to

20  show good cause for his failure to exhaust his unexhausted claims in state court,

21  and he must also demonstrate that his unexhausted claims are not plainly meritless

22  and that he has not been intentionally dilatory in his pursuit of post-conviction

23  remedies. Respondent shall be given an opportunity to respond, and Petitioner to

24  reply.

25        Accordingly, **IT IS HEREBY ORDERED:**

26        1.  Petitioner's  Motion for Reconsideration of Stay and Abeyance (Ct. Rec.

27  37) is **DENIED** with leave to renew.

28        2.  Petitioner's Motion for Extension of Time (Ct. Rec. 40) is **GRANTED**.

1      3.  The Court grants Mr. Calvert **thirty (30) days** from entry of this Order to

2  either (1) amend his petition to include only his exhausted claim, clearly presenting

3  and supporting with documentation his Petition for Writ of Habeas Corpus; or (2)

4  show good cause for his failure to exhaust his remaining claims in state court, to

5  demonstrate that these claims are not plainly meritless, and that he has been

6  diligent in his pursuit of *state court* remedies.  Absent any action, or in the event

7  Mr. Calvert submits a third mixed petition, the Court shall dismiss his Petition with

8  prejudice.  Respondents shall thereafter have **twenty (20) days** to respond.

9  Petitioner shall thereafter have **fifteen (15) days** to reply.

10      4.  The District Court Executive shall **set** a case management deadline

11  **ninety (90) days** from the entry of this Order.

12      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

13  Order and forward copies to counsel and Petitioner.

14      **DATED** this 28th day of August, 2006.

15                *s/ Robert H. Whaley*

16

17             ROBERT H. WHALEY
           Chief United States District Judge

18

19  Q:\CIVIL\2005\Calvert\extend.ord.wpd

20

21

22

23

24

25

26

27

28

ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION, GRANTING EXTENSION* 7