UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN LEONARD CALVERT,

    Petitioner,

    v.

CHARLIE DANIELS and ROB MCKENNA,

    Respondents.

NO. CV-05-077-RHW

**ORDER DENYING MOTION TO DISMISS WITH LEAVE TO RENEW, EXTENDING TIME**

Before the Court is Petitioner's Motion to Dismiss Petitioner's 28 U.S.C. § 2254 Habeas Corpus Petitioner Without Prejudice (Ct. Rec. 42), in addition to a Notice that Petitioner's Re-Sentencing Has Been Rescheduled (Ct. Rec. 53) and two letters addressed to the Court (Ct. Recs. 54 & 55). In his motion, Petitioner states he is unable to comply with the Court's July 20, 2006 order denying his motion for stay and abeyance (Ct. Rec. 36), in which the Court ordered him to clearly amend his petition or withdraw it. However, Petitioner's motion to dismiss was filed before the Court issued its August 28, 2006 order denying his motion for reconsideration but granting an extension for him to comply (Ct. Rec. 44). Petitioner also made clear in his motion to dismiss that its sole basis was Petitioner's inability to comply with the Court's prior order in a timely manner.

After receiving the August 28, 2006 order, Petitioner filed his notice of re-sentencing (Ct. Rec. 53). In this notice, Petitioner asks the Court for a new time table in which to comply with the Court's orders due to the fact he did not receive the August 28, 2006 order until September 9, 2006, and because he is currently

ORDER DENYING PETITIONER'S MOTION TO DISMISS
WITH LEAVE TO RENEW, EXTENDING TIME * 1

being housed in a location separate from his legal materials due to his impending re-sentencing.  The Court construes this notice as a motion for extension of time.

Petitioner's letters illustrate the difficulties he is having accomplishing legal work on his various habeas petitions (Ct. Rec. 54) and his current efforts to exhaust his State court remedies in this case (Ct. Rec. 55).  From this later correspondence and from the content of Petitioner's original motion to dismiss, it appears to the Court that Petitioner does not wish to voluntarily dismiss his Petition at this time, but rather that he asks for an extension of time to comply with the Court's August 28, 2006 order.

The Court reminds Petitioner that he is ordered to either (1) amend his Petitioner to include only his exhausted claim, clearly presenting and supporting with documentation his Petition for Writ of Habeas Corpus; or (2) file a motion for stay and abeyance that (a) shows good cause for his failure to exhaust his remaining claims in state court, (b) demonstrates those claims are not plainly meritless, and (c) demonstrates he has been diligent in his pursuit of *state court* remedies.  In the alternative, Petitioner may make clear to the Court that he still wishes to voluntarily dismiss his claims.  Contrary to Respondent's argument in its response to Petitioner's motion to dismiss that the Petition should be dismissed with prejudice, Petitioner is also free to voluntarily dismiss his Petition without prejudice to exhaust his claims in State court.  *See Slack v. McDaniel*, 529 U.S. 473, 488-89 (2000).  However, Petitioner is put on notice that if he chooses this option, he may only return to federal court with exhausted claims, *id.* at 489, and the one-year statute of limitations in the AEDPA may bar further consideration of his exhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Accordingly, **IT IS HEREBY ORDERED:**

1. Motion to Dismiss Petitioner's 28 U.S.C. § 2254 Habeas Corpus Petitioner Without Prejudice (Ct. Rec. 42) is **DENIED** with leave to renew.

2. Petitioner's Motion for Extension of Time (Ct. Rec. 53) is **GRANTED**.

3. The Court takes judicial notice of Mr. Calvert's re-sentencing before the Honorable Edward F. Shea on November 30, 2006. Taking into consideration the time it will take to travel back to FCI Sheridan, the Court grants Mr. Calvert **sixty (60) days** from entry of this Order to either (1) amend his petition to include only his exhausted claim, clearly presenting and supporting with documentation his Petition for Writ of Habeas Corpus; or (2) move again for a stay and abeyance by (a) showing good cause for his failure to exhaust his remaining claims in state court, (b) demonstrating that these claims are not plainly meritless, and (c) demonstrating that he has been diligent in his pursuit of *state court* remedies. In the alternative, Mr. Calvert may renew his prior motion to voluntarily dismiss his petition without prejudice, taking into account the effect a voluntary dismissal may have on this Court's jurisdiction to hear his claims. Absent any action, or in the event Mr. Calvert submits a third mixed petition, the Court shall dismiss his Petition with prejudice. Respondents shall thereafter have **twenty (20) days** to respond. Petitioner shall thereafter have **fifteen (15) days** to reply.

4. The District Court Executive shall **set** a case management deadline **one hundred twenty (120) days** from the entry of this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Petitioner.

**DATED** this 25th day of October, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Calvert\extend2.ord.wpd

ORDER DENYING PETITIONER'S MOTION TO DISMISS
WITH LEAVE TO RENEW, EXTENDING TIME * 3